IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney V.,[1] | ) | Case No.: 0:20-1379-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi,[2] Acting Commissioner of | ) | **ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Rodney V. ("Plaintiff" or "Rodney"), brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying him Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Magistrate Judge issued her Report and Recommendation on March 3, 2021, recommending the Commissioner's decision be affirmed because the Administrative Law Judge's (ALJ) ruling is supported by substantial evidence and reached through application of the correct legal standard. (DE 22.)

On March 17, 2021, Rodney filed objections to the Report and Recommendation. (DE 23.) Rodney raises two substantive objections, alleging that (1) the ALJ failed to properly consider the

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021; and therefore, he is substituted for Andrew Saul as the defendant in this suit.

1

November 2017 opinion of David Holt, M.D., a one-time consultative examiner and (2) relying on Mascio v. Colvin, 780 F.3d 632 (4th Cir 2015), the ALJ "gets things backwards," by stating he found Dr. Holt's opinion persuasive only to the extent it is consistent with the stated residual functional capacity. (DE 23.)

Having carefully considered the Plaintiff's objections and the applicable law, the Court adopts the Report and Recommendation and affirms the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 22.) However, as a brief background relating to the objections raised by Brown, the Court provides this summary. Rodney was 58 years old at the time of the July 8, 2019, hearing. He possesses a high school equivalency education and past relevant work ("PRW") as a truck driver until he was laid off on January 1, 2017. Rodney alleges the date of onset of his disability is January 1, 2017. (DE 17, p. 3.)

On October 27, 2017, an x-ray of Rodney's lumbar spine showed mild to moderate lumbar spondylosis most advanced at L3-4, and grade 1 retrolisthesis on L5 and S1. (DE 15, R. p. 338.) On November 30, 2017, David Holt, M.D. ("Dr. Holt"), evaluated Rodney at the Commissioner's request for back pain, shortness of breath, and depression. Rodney reported the following: interscapular and lumbar pain; pain that evolved from his work as a distance truck driver, which only involved driving; aching pain, along with stiffness, and a stabbing sensation when driving; his pain worsened with standing; difficulty recovering from squatting or kneeling; no position or movement helped his pain; he was not on any form of treatment; his pain was present throughout the day but did not bother him at night; shortness of breath but it was only a minor problem that only existed on exertion; he previously walked four miles a day but could no longer do even a

quarter of that; he smoked since the age of 16 at a rate of one pack per a day; he suffered from anxiety and depression and rare panic attacks and some lingering suicidal ideations but no homicidal ideations; he denied psychiatric hospitalizations or any outpatient treatment; he had mild to moderate sleep disturbance, getting 4-5 hours of sleep at night, without daytime naps; he denied cardiovascular problems, although he did report a substernal chest pain now and then, the last of which was 4 months ago, lasting for 20-30 minutes; he denied recreational drug use or alcohol abuse; although Rodney had been a truck driver, he could no longer pass the DOT physical, due to upper and lower back pain, as well as difficulty sleeping. (DE 17.)

Rodney further reported to Dr. Holt that he could bathe, dress, and feed himself; however, after standing for two hours, he needs to rest for one hour because of his back pain, and after walking about 200 yards, he needs to rest for one hour. He reported that his sitting is limited to 30 minutes by restlessness. Rodney stated that he could lift 40 pounds with both upper extremities and carry the weight for 20 yards, restricted by his back and shortness of breath. Rodney reported driving for short trips. Rodney can climb two to three flights of stairs with difficulty. Rodney reported that he spent six to 12 hours a day in self-care, watching television and just sitting. (DE 17.)

Dr. Holt noted that Rodney had a slow gait, was slow arising from the chair, undressing and dressing, and getting onto and off the examining table. He noted that Rodney had a kyphosis posture, although Rodney did adequately while lying on his back and returning to the sitting position with moderate help. He noted that Rodney's gross manipulation was disrupted bilaterally and equally by pain in deltoid muscles and Phalen's was mildly positive on both sides. Dr. Holt noted that Rodney's range of motion was within normal limits to mild loss in the lumbar spines. He noted that Rodney's heel, toe walk, and squatting were 4 out 5 with pain in the low back, hips,

and knees. Dr. Holt noted that Rodney was found to be a slow-moving hesitant man with poor cognition and somewhat depressed faces. He noted that positive findings included moderately severe kyphosis and distant breath sounds. Dr. Holt assessed mild shortness of breath with moderate long term smoking, no exercise in 10.5 months and kyphosis on exam, allegations of back pain, with no tenderness found in midline S-1 areas, or musculature, and depression and anxiety, with single suicide attempt by asphyxiation.  Dr. Holt noted that Rodney cooperated and gave his best efforts and that his major problem seemed to be financial from having lost his job, relationship, and all major belongings, with consequent development of depression and anxiety. Dr. Holt noted that Rodney remained able to stand for 2 hours and to walk for 200 yards, each then requiring a 1-hour rest. He noted that Rodney's sitting was limited to 30 minutes by restlessness, lifting was limited to 40 pounds and carrying it for 10 yards.  (DE 16, R. pp. 339-45.)

On January 19, 2018, a non-examining state medical consultant completed a physical Residual Functional Capacity ("RFC") Assessment, indicating that Rodney was capable of performing medium work with postural limitations. (DE 16, R. pp. 47-48.)  On January 19, 2018, a non-examining state medical consultant completed a Psychiatric Review Technique Questionnaire form, which indicated that Rodney's mental impairments were non-severe.  (DE 16, R. pp. 44-45.)   On March 17, 2018, a non-examining state medical consultant completed a Psychiatric Review Technique Questionnaire form, which indicated that Rodney's mental impairments were non-severe.  (DE 16, R, p. 70.)  On April 5, 2018, a non-examining state medical consultant completed a physical RFC Assessment, indicating that Rodney was capable of performing medium work with postural limitations.  (DE 16, R, pp. 72-73.)

4

On May 7, 2018, an MRI of Rodney's lumbar spine showed degenerative changes of the lumbar spine. Findings were most severe at L3-4 and L4-5. Only mild degrees of central canal and foraminal narrowing were demonstrated. (DE 16, R, pp. 412-13.)

## **LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. Johnson v. Barnhart,

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff first objects to the Report and Recommendation contending that the ALJ failed to properly consider the November 2017 opinion of Dr. Holt. Specifically, Rodney objects to "the Magistrate Judge not[ing] that the ALJ found the opinions of consultative examiner, Dr. Holt, 'persuasive to the extent it is consistent with above residual functional capacity' but also found that his opinion 'relies heavily on the subjective report of symptoms and limitations and is not entirely consistent and supported by the objective medical evidence.'" As a threshold matter, Rodney agrees that the consideration and evaluation of Dr. Holt's opinions were governed by the Commissioner's new regulations. (DE 22, pp. 3-4.) In relevant part, in evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a),

6

416.920c(a) (2017). Instead of assigning weight to medical opinions, the ALJ now considers the persuasiveness of a medical opinion. Id. Critically, the source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Instead, the most important factors are (1) supportability and (2) consistency. Id.

In terms of supportability, the ALJ noted that Dr. Holt's opinion relied heavily on Plaintiff's subjective complaints and that during Dr. Holt's examination, Plaintiff did not use an assistive device to ambulate; his lung fields were clear; he had no tenderness in his back; and his straight leg testing was negative at 90 degrees. (DE 16, Tr. pp. 21, 341). In terms of consistency, the ALJ cited radiological findings that were inconsistent with Dr. Holt's opinion as well. (DE 16, Tr. pp. 21, 442, 449.) The ALJ also noted that Plaintiff had a physical examination in 2018, where aside from experiencing wheezing and sores under his tongue, he had largely normal findings. (DE 16, Tr. pp. 21, 442, 449.) Furthermore, the ALJ discussed the opinions of two state agency physicians, who reviewed the record, including Dr. Holt's evaluation and opinion, and found that Plaintiff was less limited than Dr. Holt opined (DE 16, Tr. pp. 22, 46-48, 71-73.) "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Johnson, 434 F.3d at 653 (quoting Craig, 76 F.3d at 589). Rodney presents only a mere disagreement with the ALJ's findings and fails to present persuasive evidence of a disabling symptom. Accordingly, the Court overrules this objection.

Secondly, as Rodney did in his initial brief, he contends that the ALJ "gets things backwards" by stating he found Dr. Holt's opinion persuasive only to the extent it is consistent with the stated RFC, relying on Mascio v. Colvin, 780 F.3d 632 (4th Cir 2015). (DE 23, p. 2.) As the Report noted, in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the United States Court of Appeals for the Fourth Circuit explained that in finding a claimant's subjective complaints "are not credible to the extent they

7

are inconsistent with the above residual functional capacity assessment", the ALJ "gets things backwards" by implying that the Plaintiff's "ability to work is determined first and is then used to determine the claimant's credibility." Id. at 639.  In addition as the Report further explained, even assuming that the Plaintiff is correct and the holding in Mascio extends to the evaluation of opinion evidence, any error here is harmless because, unlike in Mascio, the ALJ continued to evaluate Dr. Holt's opinion in accordance with the applicable law. See 20 C.F.R. §§ 404.1520c, 416.920c. As argued by the Plaintiff, the ALJ "will explain how we considered the supportability and consistency factors for a medical source's medical opinions." Id.  The ALJ did so here.  Specifically, the ALJ found that Dr. Holt's opinion was "not entirely consistent and supported by the objective medical evidence." (DE 16, Tr. p. 22.)  Viewing the ALJ's decision as a whole reveals that the ALJ carefully considered both the positive and negative findings from Dr. Holt's examination as well as the imaging studies which consisted of mild to moderate findings.   (DE 16, Tr. 21.)  The Plaintiff's reliance on the mostly mild imaging and findings on examination are insufficient to demonstrate that the ALJ's findings are unsupported by substantial evidence.  Similarly, although the Plaintiff correctly points out that Dr. Holt examined the Plaintiff, the ALJ determined that Dr. Holt's mild findings did not support his more restrictive opinion and therefore, the Plaintiff cannot demonstrate that the ALJ's statement that Dr. Holt relied heavily on the Plaintiff's subjective reports was unsupported.  Based on the foregoing, the Court finds that Rodney has failed to demonstrate that the ALJ's evaluation of Dr. Holt's opinion is unsupported by substantial evidence or based on an incorrect application of the law.

Given the record as a whole, Rodney's mere disagreement as to the SSI and DIB decision is not enough to overturn the ALJ's decision.  Therefore, the Report properly considered Dr. Holt's medical opinions, Plaintiff's objections are overruled, and the Court affirms the Commissioner's decision.

## **CONCLUSION**

For the foregoing reasons, the Court adopts the Report and Recommendation and affirms the Commissioner.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

August 27, 2021
Greenville, South Carolina